Bartley, J.
The only question for determination in this case is that of the validity of the mortgage, as between the heirs of Ann Robinson, deceased, and Heltzler, the mortgagee. The claim that the mortgage is ineffectual, is founded on the supposed construction heretofore given to the statute of 1831, and the amendatory act of 1838, which declare “that mortgage deeds shall take effect, and have preference, from the time the same are delivered to the recorder of the proper county for record.” Rev. Stat. 310, 311.
If the mortgage were operative against Ann Robinson in her lifetime, it must be equally so against her heirs; for, so far as the inheritance is concerned, the heirs stand in the shoes of the ancestor, and can take no other interest or estate than that which she possessed ; and if the mortgage was valid to her, they are estopped by her deed.
*Every statute must be construed according to its intent, and with reference to the mischief to be prevented, and the remedy provided. The manifest object of the statute requiring the record of mortgages, is notice of the incumbrances created; and of course, this notice has reference to persons other than those who are parties to the instrument. No sensible object could be accomplished in subjecting persons to the expense of this public record, with a view of notice to the parties themselves. The provision of the statute, therefore, declaring that mortgages shall take effect and have preference from the time of their delivery for record, has reference to the rights of persons other than the parties to the instruments, and was designed to regulate and fix with certainty the priority of right among incumbrances. The expression which has been used in some of the reported decisions in this state, “that the delivery of a mortgage for record is part of the execution of the instrument,” is not strictly correct. All the decisions in which this language is used, determine simply the effect of the mortgage in relation to its giving a preference over other lienholders. The case of Holliday v. Franklin Bank of Columbus et al., 16 Ohio, 532, in which the *241 language of the court in this respect is the most unguarded, and most needs qualification, simply determines that a mortgage, previous to its delivery for record, has no effect, either at law or in equity, against a subsequent judgment. The result of all the decisions on this subject is, simply, that a mortgage does not take effect as a recorded instrument, or, in other words, does not take effect in giving any priority over subsequently acquired liens, until it is delivered for record. In reality, the delivery of the mortgage for record is not a part of the execution of the instrument. The requisites for the execution of mortgages are especially prescribed in the statute. The execution and acknowledgment of a mortgage is the act of the mortgagor — the-delivery of it requires the concurrence of the mortgagor and the mortgagee; but tbe filing it for record is exclusively the act of the mortgagee. Indeed, by the express ^language of the statute, the instruments required to be recorded are executed mortgages. The execution and delivery of a mortgage are intended to divest the mortgagor of his estate, and the recording of the mortgage to give notice to the world of its existence. So that a mortgage is valid and binding as such without record, as between the parties to the instrument. And the delivery of it for record being exclusively the act of the mortgagee, not requiring the assent of the mortgagor, or being in reality any part of the execution of the instrument, it will become operative as to third persons only when delivered for record, although such delivery be after the death of the mortgagor. In the case of White v. Denman, 16 Ohio, 59, it was held, that although an instrument of writing defective in its execution, as a mortgage, by having but one subscribing witness, could not be set up to defeat a subsequent lienholder, yet, that as between the parties to the instrument, it will be regarded in equity as a good and valid mortgage. The mortgage in question, therefore, is a good and valid instrument against the heirs of the mortgagee, Ann Robinson.

Decree in favor of Daniel Heltzer, and cause remanded for further proceedings.